1  John D. Fiero (CA Bar No. 136557)
   Teddy M. Kapur (CA Bar No. 242486)
2  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
3  San Francisco, CA 94111
   Telephone:   (415) 263-7000
4  Facsimile:   (415) 263-7010
   E-mail:      jfiero@pszjlaw.com
5               tkapur@pszjlaw.com

6  Counsel for the Official
   Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>Homejoy (Assignment for the Benefit of Creditors), LLC,<br><br>Debtor. | Case No. 15-53931-MEH<br><br>Chapter 11<br><br>**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DISCLOSURE STATEMENT DESCRIBING DEBTOR'S PLAN OF REORGANIZATION (DATED SEPTEMBER 15, 2016)**<br><br>[Relates to Docket Nos. 117 and 118]<br><br>Date:  October 20, 2016<br>Time:  10:30 a.m.<br>Place: United States Bankruptcy Court<br>       280 South First Street<br>       Courtroom 3020<br>       San Jose, CA<br>Judge: Hon. M. Elaine Hammond |

The Official Committee of Unsecured Creditors (the "Committee") of Homejoy (Assignment for the Benefit of Creditors), LLC, the above-captioned debtor (the "Debtor"), hereby objects (the "Objection") to the *Disclosure Statement Describing Debtor's Plan of Reorganization (Dated September 15, 2016)* [Docket No. 118] (the "Disclosure Statement") filed the Debtor in connection with the *Debtor's Plan of Reorganization (Dated September 15, 2016)* [Docket No. 117] (the "Plan"). In support of the Objection, the Committee respectfully represents as follows:

# I.

# INTRODUCTION

The Committee's investigations during the bankruptcy case have led it to believe that the Debtor's estate may have viable causes of action against Sherwood Partners, Inc. and its affiliates (collectively, "Sherwood"), as well as former executives of Homejoy Inc. ("Homejoy"). The Plan includes broad language that attempts to preserve the estate's litigation claims and provide standing for the Liquidating Trustee to pursue them postconfirmation. The Plan, however, does not specify the types of causes of action that it seeks to preserve, and case law in the U.S. Court of Appeals for Ninth Circuit suggests that the estate's claims could be barred in postconfirmation litigation if they were not disclosed by the Debtor during its bankruptcy case. The Debtor denied the Committee's request for it to specify the estate causes of action in the Disclosure Statement and Plan. Therefore, the Committee brings this this Objection because it is concerned that the failure to adequately describe the Debtor's litigation claims puts the estate at risk of forfeiting these potentially valuable assets.

The Committee will meet and confer with the Debtor in an effort to address the Committee's concerns prior to the hearing to consider the Disclosure Statement's approval.

If the Court approves the Disclosure Statement, the Committee requests authority pursuant to section 1103(c) of the Bankruptcy Code and Rule 3017(d) of the Federal Rules of Bankruptcy Procedure to include a letter in the Debtor's solicitation package to creditors ("Committee Plan Letter"). On the one hand, the Committee Plan Letter would recommend that unsecured creditors vote to reject the Plan if the estate causes of action remain undisclosed and at risk of being estopped in postconfirmation litigation. A draft of the Committee Plan Letter in opposition to the Plan is attached hereto as Exhibit A. On the other hand, the Committee would urge unsecured creditors to support the Plan if the estate litigation claims are specifically disclosed and preserved in the Disclosure Statement and Plan. A draft of the Committee Plan Letter in support of the Plan is attached hereto as Exhibit B.

2

OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DISCLOSURE STATEMENT DESCRIBING DEBTOR'S PLAN OF REORGANIZATION (DTD SEPT 15, 2016)

Case: 15-53931  Doc# 130  Filed: 10/12/16  Entered: 10/12/16 11:45:33  Page 2 of 18

## II.

## ARGUMENT

### A. Legal Standard for Approval of a Disclosure Statement

In order for a disclosure statement to be approved in accordance with Banruptcy Code section 1125(a), it must contain "adequate information" that is sufficient to enable a reasonable hypothetical creditor to make an informed judgment about a proposed plan. See 11 U.S.C. § 1125(a)(1). The disclosures required by section 1125 provide creditors the necessary information to decide whether to accept or reject a plan. *See In re Diversified Investors Fund XVII*, 91 B.R. 559, 561 (Bankr. C.D. Cal. 1988); H.R. Rep. 595, 95th Cong., 1st Sess. 226, 226 (1977) ("If adequate disclosure is given to all creditors and stockholders whose rights are to be affected, then they should be able to make an informed judgment of their own . . . .").

For a creditor to fairly evaluate a proposed plan, the court must ensure that a disclosure statement sets forth "all those factors presently known to the plan proponent to bear upon the success or failure of the proposals contained in the plan." *See In re Jeppson*, 66 B.R. 269, 292 (Bankr. D. Utah 1986) (*quoting In re The Stanley Hotel, Inc.*, 13 B.R. 926, 929 (Bankr. D. Colo. 1981); *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1981) (holding that a proper disclosure statement must "clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting their [sic] distribution.").

To that end, courts have developed a non-exclusive list of information that should be included in a disclosure statement so as to provide "adequate information." *See In re Metrocraft Publishing Svcs., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (establishing factors comprising "adequate information"); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001). Such information should include: (1) the events which lead to the filing of the petition; (2) a description of the available assets and their value; (3) the anticipated future of the debtor; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in bankruptcy; (7) the scheduled claims; (8) the estimated return to creditors under a chapter 7 liquidation; (9) the accounting method utilized to produce financial information

3

OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DISCLOSURE STATEMENT DESCRIBING DEBTOR'S PLAN OF REORGANIZATION (DTD SEPT 15, 2016)

Case: 15-53931    Doc# 130    Filed: 10/12/16    Entered: 10/12/16 11:45:33    Page 3 of 18

and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountant's fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realized value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor, if any, and (19) the relationship of the debtor with affiliates. *See In re Metrocraft*, 39 B.R. at 568.

Approval of a disclosure statement is within the sound discretion of the court. *See In re Monroe Well Services, Inc.*, 80 B.R. 324, 331 (Bankr. E.D. Pa. 1987). In exercising that discretion, courts will reject a disclosure statement if it contains material misstatements and omissions or if the plan proposed thereby obviously cannot be confirmed. *See In re Unichem Corp.*, 72 B.R. 95, 98 (Bankr. N.D. Ill. 1987), *aff'd*, 80 B.R. 448 (N.D. Ill. 1987).

### B. The Disclosure Statement Omits Important Information

The information presented in the Disclosure Statement fails to adequately apprise creditors and other parties in interest with certain information that will enable them to make an informed judgment about the Plan. In particular, the Disclosure Statement does not disclose the particular estate causes of action, which could be valuable assets of the estate.

The Committee believes that the estate may have viable claims against Sherwood and former executives of Homejoy. The estate has colorable claims for breach of contract, breach of fiduciary duty, fraudulent conveyance, overbilling, alter ego and related actions against Sherwood with respect to approximately $470,000 of fees and expenses that were paid to Sherwood prior to the Petition Date. In addition, the estate may have claims for theft, conversion, fraud, breach of fiduciary duty and related actions with respect to prepetition transfers of funds to Homejoy's former executives.

The Committee does not have sufficient information to fully evaluate the merits of the potential claims. For instance, the Committee's investigation revealed that over $3 million was transferred from Homejoy to an account at JP Morgan Chase Bank in 2014 alone. Homejoy's bank

4

OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DISCLOSURE STATEMENT DESCRIBING DEBTOR'S PLAN OF REORGANIZATION (DTD SEPT 15, 2016)

Case: 15-53931    Doc# 130    Filed: 10/12/16    Entered: 10/12/16 11:45:33    Page 4 of 18

statements reflect that the distributions related to former CEO Adora Cheung and an American Express credit card. The QuickBooks records and general ledger indicate that these distributions paid certain corporate expenses, but the Committee has not been able to verify these transactions because the Debtor has not located and turned over the American Express credit card statements. Similarly, the Committee is evaluating the transaction between Homejoy and Google, Inc. ("Google"), pursuant to which Google paid $7 million to Homejoy as consideration for, *inter alia*, specific Homejoy employees being released from their employment with Homejoy and agreeing to be employed by Google. The Committee is investigating whether Homejoy or its former employees received additional consideration as part of this transaction.

Section IV, D, ¶ 8 of the Disclosure Statement and Section III, D, ¶ 8 of the Plan (the "Non-Avoidance Action Provision") define the term "Non-Avoidance Actions" to mean "any causes of action available to this estate other than avoidance actions." These provisions go on to provide that "[a]fter the Effective Date, the Liquidating Trustee will have the standing to pursue any such Non-Avoidance Actions on behalf of this estate, and the Court shall retain jurisdiction over the Debtor and this case and estate to resolve or adjudicate all such Non-Avoidance Actions regardless of whether such Non-Avoidance Actions were first commenced before or after Plan confirmation." The Non-Avoidance Action Provision attempts to preserve the estate's claims and grant standing for the Liquidating Trustee to pursue them postconfirmation, but the Committee is concerned that it falls short of the disclosure requirements under applicable law.

In *In re Heritage Hotel Ltd. Partnership I*, 160 B.R. 374 (B.A.P. 9th Cir. 1993), the Bankruptcy Appellate Panel of the Ninth Circuit held that it is "well-settled that a bankruptcy court's confirmation order is a binding, final order, accorded full *res judicata* effect and precludes the raising of issues which could or should have been raised during the pendency of the case." *Heritage Hotel*, 160 B.R. at 377. In addition to *res judicata*, *Heritage Hotel* held that the doctrine of collateral estoppel operates to bar causes of action that were not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statement. *Id.* at 378. Failure to disclose potential claims during the pendency of the bankruptcy case equitably estops successors and affiliates of the

5

OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DISCLOSURE STATEMENT DESCRIBING DEBTOR'S PLAN OF REORGANIZATION (DTD SEPT 15, 2016)

Case: 15-53931    Doc# 130    Filed: 10/12/16    Entered: 10/12/16 11:45:33    Page 5 of 18

debtor from subsequently asserting such claims. *Id.* at 379. *See also Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) ("In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements.)

In light of *Heritage Hotel*, *Hamilton* and similar cases, the Committee requested that the Debtor specifically identify the potential claims against Sherwood and Homejoy's former executives so that the Liquidating Trustee would not be barred from asserting them after the Plan has been confirmed. The Committee proposed the following revised version of the Non-Avoidance Action Provision:

> The Plan Proponents will continue to analyze whether there are any causes of action available to this estate other than avoidance actions. At this time the Committee is investigating the following potential causes of action (the "Non-Avoidance Actions"): (i) claims for breach of contract, breach of fiduciary duty, fraudulent conveyance, overbilling, alter ego and related actions against Sherwood Partners, Inc., and related entities with respect to approximately $470,000 of fees and expenses that were paid to Sherwood Partners prior to the Petition Date; and (ii) claims for theft, conversion, fraud, breach of fiduciary duty and related actions with respect to prepetition transfers of funds to the Debtor's foreign subsidiaries and Homejoy's former executives. The Committee (up until the Effective Date) and the Liquidating Trustee after the Effective Date shall have the standing to pursue any such causes of action on behalf of this estate, and the Court shall retain jurisdiction over the Debtor and this case and estate to resolve or adjudicate all such causes of action regardless of whether such causes of action were first commenced before or after Plan confirmation.

The Committee brings this Objection because the Debtor has refused to include this version of the Non-Avoidance Action Provision in the Plan and Disclosure Statement. Given the importance of preserving assets which may accrue to the benefit of creditors, the Committee requests that the

6

OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO THE DISCLOSURE STATEMENT DESCRIBING
DEBTOR'S PLAN OF REORGANIZATION (DTD SEPT 15, 2016)

Case: 15-53931    Doc# 130    Filed: 10/12/16    Entered: 10/12/16 11:45:33    Page 6 of 18

Court deny approval of the Disclosure Statement or order that the Disclosure Statement and Plan be amended to include the revised version of the Non-Avoidance Action Provision set forth above.

**C.  If the Court Approves the Disclosure Statement, the Committee Requests Authority to Distribute the Committee Plan Letter to Creditors**

The Committee requests authority pursuant to Rule 3017(d) to include the Committee Plan Letter in the Debtor's solicitation package to creditors.  Pursuant to Federal Rule of Bankruptcy Procedure 3017(d), the Court may direct a debtor to include additional information in its solicitation package.  *See* Fed. R. Bankr. P. 3017(d).  In addition, Bankruptcy Code section 1103(c) provides that a creditors' committee may "advise those represented by such committee of such committee's determinations as to any plan formulated."  11 U.S.C. § 1103(c); *see In re Tucker Freight Lines, Inc.*, 62 B.R. 213, 216 (Bankr. W.D. Mich. 1986) ("[T]his Court has traditionally allowed the creditors' committees to include a letter to creditors in the disclosure statement and ballot package. This Court believes that to be the most efficient way for the creditors' committees to communicate with their constituents."); *Century Glove, Inc. v. First Am. Bank*, 860 F.2d 94, 100-01 (3rd Cir. 1988) ("Thus, we find that § 1125 does not on its face empower the bankruptcy court to require that all communications between creditors be approved by the court. . . . A creditor may receive information from sources other than the disclosure statement.").

If the Disclosure Statement approved by the Court does not specifically identify the estate causes of action described above, then the Committee would recommend that unsecured creditors vote to reject the Plan and would request authority to include the version of the Committee Plan Letter that is attached hereto as Exhibit A in the Debtor's solicitation package.  On the other hand, the Committee would endorse the Plan and seek permission to include the version of the Committee Plan Letter attached hereto as Exhibit B if the Disclosure Statement approved by the Court specifically discloses and preserves the estate litigation claims.  The Committee has a fiduciary duty to unsecured creditors, and the Plan Support Letter would reflect its determination about whether the Debtor's Plan serves the best interest of creditors.

7

OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DISCLOSURE STATEMENT DESCRIBING DEBTOR'S PLAN OF REORGANIZATION (DTD SEPT 15, 2016)

Case: 15-53931    Doc# 130    Filed: 10/12/16    Entered: 10/12/16 11:45:33    Page 7 of 18

# III.
## RESERVATION OF RIGHTS

The Committee reserves its right to supplement this Objection in the event the Disclosure Statement hearing is continued to a later date, the Disclosure Statement is amended, or new facts or evidence are brought to the Committee's attention. The Committee reserves its rights assuming that the Disclosure Statement is ultimately approved, to raise certain objections set forth herein and other objections to confirmation of the Plan.

# IV.
## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court deny approval of the current version of the Disclosure Statement or order that it be amended to the include the Non-Avoidance Action Provision proposed by the Committee; provided however, that if the Court approves the Disclosure Statement, then Committee requests that the Court direct the Debtor to include one version of the Committee Plan Letter with its solicitation package to creditors. The Committee further requests that the Court grant any such other and further relief as it deems appropriate.

Dated: October 12, 2016     PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Teddy M. Kapur*
John D. Fiero
Teddy M. Kapur

Attorneys for the Official Committee of Unsecured Creditors

8

OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DISCLOSURE STATEMENT DESCRIBING DEBTOR'S PLAN OF REORGANIZATION (DTD SEPT 15, 2016)

Case: 15-53931   Doc# 130   Filed: 10/12/16   Entered: 10/12/16 11:45:33   Page 8 of 18

# EXHIBIT A



SAN FRANCISCO, CA
LOS ANGELES, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760


SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000

FACSIMILE: 415/263 7010


DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100

FACSIMILE: 302/652 4400


NEW YORK
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700

FACSIMILE: 212/561 7777


WEB: www.pszjlaw.com

Teddy M. Kapur        _____, 2016        310.277-6910

Re: *In re Homejoy (Assignment for the Benefit of Creditors), LLC*, **Case No. 15-53931**

Dear Unsecured Creditor:

This letter explains why the Official Committee of Unsecured Creditors (the "Committee"), appointed in the chapter 11 bankruptcy case of Homejoy (Assignment for the Benefit of Creditors), LLC ("Debtor") urges you to vote to **REJECT** the enclosed *Debtor's Plan of Reorganization (Dated _____, 2016)* (the "Plan").

By way of introduction, the Committee's members are: (i) Monroe Personnel Svc, LLC; (ii) TaskUs; and (iii) Vilma Zenelaj. Byron Goldstein of Goldstein, Borgen, Dardarian & Ho, counsel to Vilma Zenelaj, is the Committee's chair. Zerocater served on the Committee for a few months but resigned during the course of the bankruptcy case. The Committee has met regularly by conference call as investigations and events in the bankruptcy have unfolded over the past eight months. The Committee participated in the bankruptcy case with the assistance of experienced bankruptcy counsel, Pachulski Stang Ziehl & Jones LLP.

You are urged to read the Disclosure Statement thoroughly because the information contained in the Disclosure Statement has been vetted by the Debtor's counsel, the Committee's counsel, and the Bankruptcy Court to make sure it contains enough information to allow you to make an informed decision regarding the Plan.

Under the Plan, all of the funds in the bankruptcy estate remaining after payment of all allowed administrative claims (and priority claims to the extent paid by the Debtor) will be transferred to a Liquidating Trust for the benefit of unsecured creditors. The Liquidating Trust will be administered by a Liquidating Trustee

DOCS_LA:301662.1 36858/002



selected by the Committee. The Liquidating Trustee will distribute all of the funds remaining in the Liquidating Trust to creditors in accordance with the priorities of the Bankruptcy Code and the terms of the Plan.

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority. All general unsecured creditors are included in class 2. Holders of general unsecured claims are treated as impaired under the Plan and are entitled to vote to accept or reject the Plan.

As explained in the Disclosure Statement, it is not possible for the Debtor to estimate the ultimate recovery for class 2 claim holders due to the magnitude of the filed litigation claims, which contend that they are entitled to priority status and should be paid before allowed class 2 allowed claims. The Claims Chart attached as Exhibit "1" to the Disclosure Statement reflects that the asserted priority unsecured claims exceed $100 million and the filed general unsecured claims exceed $19 million.

In mid-July 2015 just prior to the commencement of the assignment for the benefit of creditors, Homejoy, Inc. ("Homejoy") entered into a transaction with Google, Inc. ("Google"). Google paid $7 million to Homejoy as consideration for, *inter alia*, specific Homejoy employees being released from their employment with Homejoy and agreeing to be employed by Google. **The Committee has been investigating whether Homejoy or its former employees received additional consideration, and the Committee requests that interested parties contact the Committee or its counsel by November __, 2016 if they have information about the Google transaction.**

The Committee is still investigating potential claims and sources of recovery, and the Committee believes that **the Plan does not serve the best interests of unsecured creditors** under the current facts and circumstances. The primary flaw with the Plan is that it does not specifically identify claims against and Sherwood Partners, Inc. and its affiliates, as well as former executives of Homejoy. The Committee believes that the estate may have viable claims for breach of contract, breach of fiduciary duty, fraudulent conveyance, overbilling, alter ego and related actions against Sherwood with respect to approximately $470,000 of fees and



_____, 2016
Page 3

expenses that were paid to Sherwood prior to the bankruptcy. In addition, the estate may have claims for theft, conversion, fraud, breach of fiduciary duty and related actions with respect to prepetition transfers of funds to Homejoy's former executives.

These claims could be valuable assets of the bankruptcy estate. Under applicable law, the failure to specify causes of action in the Plan may bar the Liquidating Trustee from being able to assert them in postconfirmation litigation.

**Accordingly, the Committee recommends that all unsecured creditors vote to <u>REJECT</u> the Plan by completing the enclosed plan ballot and returning it to the Debtor via email or the self-addressed pre-paid envelope.**

Of course, before you cast your ballot, you should review the Plan, the Disclosure Statement and the exhibits to the Disclosure Statement in their entirety and you may want to consult your own legal and financial professionals.

Your vote to reject the Plan is crucial, no matter how large or small your claim may be.

If you have questions, please feel free to contact me at (310) 277-6910.

Sincerely,

Teddy M. Kapur

# EXHIBIT B



SAN FRANCISCO, CA
LOS ANGELES, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760

Teddy M. Kapur       _____, 2016        310.277-6910

**Re:** *In re Homejoy (Assignment for the Benefit of Creditors), LLC*, **Case No. 15-53931**

Dear Unsecured Creditor:

This letter explains why the Official Committee of Unsecured Creditors (the "Committee"), appointed in the chapter 11 bankruptcy case of Homejoy (Assignment for the Benefit of Creditors), LLC ("Debtor") urges you to vote to **ACCEPT** the enclosed *Debtor's Plan of Reorganization (Dated _____, 2016)* (the "Plan").

By way of introduction, the Committee's members are: (i) Monroe Personnel Svc, LLC; (ii) TaskUs; and (iii) Vilma Zenelaj. Byron Goldstein of Goldstein, Borgen, Dardarian & Ho, counsel to Vilma Zenelaj, is the Committee's chair. Zerocater served on the Committee for a few months but resigned during the course of the bankruptcy case. The Committee has met regularly by conference call as investigations and events in the bankruptcy have unfolded over the past eight months. The Committee participated in the bankruptcy case with the assistance of experienced bankruptcy counsel, Pachulski Stang Ziehl & Jones LLP.

You are urged to read the Disclosure Statement thoroughly because the information contained in the Disclosure Statement has been vetted by the Debtor's counsel, the Committee's counsel, and the Bankruptcy Court to make sure it contains enough information to allow you to make an informed decision regarding the Plan.

Under the Plan, all of the funds in the bankruptcy estate remaining after payment of all allowed administrative claims (and priority claims to the extent paid by the Debtor) will be transferred to a Liquidating Trust for the benefit of unsecured creditors. The Liquidating Trust will be administered by a Liquidating Trustee

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000

FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100

FACSIMILE: 302/652 4400

NEW YORK
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700

FACSIMILE: 212/561 7777

WEB: www.pszjlaw.com

DOCS_LA:301075.2 36858/002



selected by the Committee. The Liquidating Trustee will distribute all of the funds remaining in the Liquidating Trust to creditors in accordance with the priorities of the Bankruptcy Code and the terms of the Plan.

In mid-July 2015 just prior to the commencement of the assignment for the benefit of creditors, Homejoy, Inc. ("<u>Homejoy</u>") entered into a transaction with Google, Inc. ("<u>Google</u>"). Google paid $7 million to Homejoy as consideration for, *inter alia*, specific Homejoy employees being released from their employment with Homejoy and agreeing to be employed by Google. **The Committee has been investigating whether Homejoy or its former employees received additional consideration, and the Committee requests that interested parties contact the Committee or its counsel by November \_\_, 2016 if they have information about the Google transaction.**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority. All general unsecured creditors are included in class 2. Holders of general unsecured claims are treated as impaired under the Plan and are entitled to vote to accept or reject the Plan. It is the opinion of the Committee that the Plan's treatment of Class 2 is fair, reasonable, and beneficial to unsecured creditors.

Holders of class 2 allowed claims will be paid on a *pro rata* basis from the cash in the Liquidating Trust, if any, remaining after payment in full of all allowed administrative and all allowed priority claims, and the payment of all post-confirmation fees and expenses payable from the Liquidating Trust.

As explained in the Disclosure Statement, it is not possible for the Debtor to estimate the ultimate recovery for class 2 claim holders due to the magnitude of the filed litigation claims, which contend that they are entitled to priority status and should be paid before allowed class 2 allowed claims. The Claims Chart attached as Exhibit "1" to the Disclosure Statement reflects that the asserted priority unsecured claims exceed $100 million and the filed general unsecured claims exceed $19 million.

The Debtor and the Committee are continuing with their review of all filed claims, and the Debtor and/or the Committee will



file objections to any filed priority claims which they believe are not valid and/or not entitled to priority.

Even though the Committee is still investigating potential claims and sources of recovery, the Committee believes that the Plan serves the best interests of unsecured creditors under the current facts and circumstances. The Committee believes that the expected recoveries to unsecured creditors under the Plan represent a fair and equitable outcome and that the Plan deserves your support.

The Committee also believes that other alternatives would involve significant risk, delay and uncertainty, as well as additional administrative or other costs. Specifically, the Committee believes that the recovery pursuant to the Plan is more than the recovery such holders would realize upon liquidation of these assets under chapter 7 of the Bankruptcy Code.

**Accordingly, the Committee recommends that all unsecured creditors vote to ACCEPT the Plan by completing the enclosed plan ballot and returning it to the Debtor via email or the self-addressed pre-paid envelope.**

Of course, before you cast your ballot, you should review the Plan, the Disclosure Statement and the exhibits to the Disclosure Statement in their entirety and you may want to consult your own legal and financial professionals.

Your vote to accept the Plan is crucial, no matter how large or small your claim may be.

If you have questions, please contact counsel to the Debtor, Ron Bender at (310) 229-1234, or counsel to the Committee, Teddy Kapur at (310) 277-6910.

Sincerely,

_____

Teddy M. Kapur

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10100 Santa Monica Blvd., #1300, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **_OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DISCLOSURE STATEMENT DESCRIBING DEBTOR'S PLAN OF REORGANIZATION (DATED SEPTEMBER 15, 2016)_**will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 12, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

&boxtimes; Service information continued on attached pg.

**2. SERVED BY UNITED STATES MAIL:**
On **October 12, 2016,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Homejoy (assignment for the benefit of creditors)  
Attn: Sherwood Partners, LLC  
1100 La Avenida Street, Suite A  
Mountain View, CA 94043-1453  

U.S. Securities and Exchange  
Commission San Francisco Regional Office  
44 Montgomery Street, Suite 2800  
San Francisco, CA 94104

☐ Service information continued on attached pg.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 12, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express**:  
Hon. M. Elaine Hammond  
United States Bankruptcy Court  
280 South First Street, Rm 3035/ Crtrm 3020  
San Jose, CA 95113-3099

☐ Service information continued on attached pg.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 12, 2016 | Diane H. Hinojosa | */s/ Diane H. Hinojosa* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Ron Bender   rb@lnbyb.com
- Gregg M. Ficks   gficks@coblentzlaw.com
- John-Patrick M. Fritz   JPF@LNBYB.com, JPF@ecf.inforuptcy.com
- Shining J. Hsu   shining.hsu@usdoj.gov
- Courtney J. Hull   bk-chull@texasattorneygeneral.gov
- Teddy M. Kapur   tkapur@pszjlaw.com, pjeffries@pszjlaw.com
- Bernard Kornberg   bjk@severson.com
- Timothy S. Laffredi   timothy.s.laffredi@usdoj.gov, patti.vargas@usdoj.gov
- Shannon Liss-Riordan   sliss@llrlaw.com, jkahn@llrlaw.com
- Maxim B. Litvak   mlitvak@pszjlaw.com, pjeffries@pszyjw.com
- Minnie Loo   minnie.loo@usdoj.gov
- Office of the U.S. Trustee / SJ   USTPRegion17.SJ.ECF@usdoj.gov, ltroxas@hotmail.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**

Case: 15-53931    Doc# 130    Filed: 10/12/16    Entered: 10/12/16 11:45:33    Page 18 of 18