1  John D. Fiero (CA Bar No. 136557)
2  Teddy M. Kapur (CA Bar No. 242486)
   PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
3  San Francisco, CA 94111
   Telephone:    (415) 263-7000
4  Facsimile:    (415) 263-7010
   E-mail:       jfiero@pszjlaw.com
5                tkapur@pszjlaw.com

6  Counsel to the Official
   Committee of Unsecured Creditors

The following constitutes
the order of the court. Signed December 13, 2016

_M. Elaine Hammond_

_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

8              **UNITED STATES BANKRUPTCY COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

               **SAN JOSE DIVISION**

11  In re:                                  Case No. 15-53931 (MEH)

12  HOMEJOY (Assignment for the Benefit of   Chapter 11
    Creditors), LLC,

13                                           **ORDER AUTHORIZING EXAMINATION**
               Debtor.                       **OF AND PRODUCTION OF**
14                                           **DOCUMENTS BY GOOGLE INC.**
                                             **PURSUANT TO BANKRUPTCY RULES**
15                                           **2004 AND 7030(b)(6)**

16                                           [No Hearing Held]

17         This matter came before the Court without a hearing upon consideration of the *Ex Parte*

18  *Application of the Official Committee of Unsecured Creditors for Order Authorizing Examination*

19  *and Production of Documents by Google Inc. Pursuant to Bankruptcy Rules 2004 and 7030(b)(6)*

20  (the "**Application**").  Based upon the Court's review of the Application, and good cause appearing

21  therefor,

22         **IT IS HEREBY ORDERED THAT:**

23         1.    Google, Inc., a Delaware corporation ("**Google**"), shall produce the person most

24  knowledgeable regarding the topics set forth on **Exhibit 1** to appear for an oral examination pursuant

25  to Bankruptcy Rule 7030(b)(6) at the offices of Pachulski Stang Ziehl & Jones LLP, 150 California

26  Street, 15th Floor, San Francisco, CA 94111 on January 25, 2017 at 10:00 a.m. (Pacific Time), or

27  such other date and time as may otherwise be agreed to in writing between Google and the Official

28  Committee of Unsecured Creditors.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2.     Google shall produce the documents sought on **<u>Exhibit 1</u>** at the same address on or before January 4, 2017 at 4:00 p.m. (Pacific Time), or such other date and time as may otherwise be agreed to in writing between Google and the Official Committee of Unsecured Creditors.

3.     This Order shall have the same force and effect as a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure, as incorporated by Rule 9016 of the Federal Rules of Bankruptcy Procedure, without the need for separate issuance of a subpoena.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# EXHIBIT 1

**TO ORDER RE 2004 EXAMINATION OF**

**GOOGLE INC.**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT 1 TO ORDER RE 2004 EXAMINATION OF

# GOOGLE INC.

## DEFINITIONS

Unless otherwise stated, the following definitions shall apply to these Requests:

1.     "ASSIGNMENT" shall mean and include that General Assignment executed on or about August 5, 2015 between HOMEJOY as assignor and HOMEJOY ABC, as assignee.

2.     "BANKRUPTCY CASE" means the case commenced by the DEBTOR and encaptioned In re Homejoy (Assignment for the Benefit of Creditors), LLC, Chapter 11 Case No. 15-53931 (MEH), currently pending before the United States Bankruptcy Court for the Northern District of California.

3.     "COMMUNICATION(S)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any DOCUMENTS, telephone conversations, discussions, meetings, facsimiles, e-mails, text messages, memoranda, and any other medium through which any information is conveyed or transmitted.

4.     "DEBTOR" means Homejoy (Assignment for the Benefit of Creditors), LLC, and includes its parents, subsidiaries, predecessors, members, employees, agents, attorneys, investigators, experts, professionals, officers, directors, representatives, consultants, and anyone acting on their behalf.

5.     The term "DOCUMENT" is used herein in the broadest possible sense as specified in and interpreted under Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, graphic or otherwise recorded matter, however produced, reproduced, or stored, and all "writings" as defined in Rule 1001 of the Federal Rules of Evidence, including COMMUNICATIONS, and all other tangible things by which human communication is transmitted or stored, meaning any kind of printed, electronic, recorded, graphic, or photographic matter, however printed, produced, reproduced, copies, reproductions, facsimiles, drafts and both sides thereof, including without limitation any kind of written, typewritten, graphic, photographic, printed, taped or recorded material whatsoever,

regardless whether the same is an original, a copy, a reproduction, a facsimile, telex or telefax, and regardless of the source or author thereof, including without limitation, any writing filed for reporting or other purposes with any state, federal or local agency; notes; memoranda, including but not limited to memoranda of telephone conversations; letters; audited financial statements; unaudited financial statements; financial ledgers; intra-office or inter-office communications; circulars; bulletins; manuals; results of investigations; progress reports; study made by or for business or personal use; financial reports and data of any kind; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; transcriptions of conversations or tape recordings; desk calendars; bank checks; purchase orders; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; time sheets or logs; computer data; job or transaction files; appointment books; books, records, and copies; electronic mail messages; extracts and summaries of other documents; drafts of any of the above, whether used or not; and any other writing or recording; computer and other business machine printouts, programs, listings, projections, as well as any carbon or photographic or copies, reproductions or facsimiles thereof and all copies which differ in any way from the original, including without limitation, all forms of electronic media, data, data storage and other forms of electronic or computer-stored or computer-generated communications, data, or representations. This includes, but is not limited to, such material in the form of ELECTRONICALLY STORED INFORMATION: that is, any data, including COMMUNICATIONS, present in memory or on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), saved in an archive, present as "deleted" but recoverable electronic files in memory or on any media, and, present in any electronic file fragments (files that have been deleted and partially overwritten with new data) from files containing such material. Where any otherwise duplicate document contains any marking not appearing on the original or is altered from the original, then such item shall be considered to be a separate original document. Any DOCUMENT that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another DOCUMENT is to be considered a separate DOCUMENT.

DOCS_LA:302848.2 36858/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

6.  "EACH" shall be construed as "all" and "each."

7.  "ELECTRONICALLY STORED INFORMATION" or "ESI" means, without limitation, all information contained on any computing device owned, maintained, or otherwise controlled by YOU, including, but not limited to, mainframe, desktop, laptop, tablet, or palmtop computers, network servers, telephone voicemail servers, employees' employer-provided home computers, and the personal digital assistants (PDAs), digital cell phones, telephone answering machines, pagers, or other information-storing electronic devices of YOU and YOUR employees of the DEBTOR, or on associated external storage media, backup tapes, and other archival copies of same.

8.  "EMPLOYEE PURCHASE" shall mean that purchase of "a group of Homejoy's employee team" referenced in Docket No. 22 filed by the DEBTOR in the BANKRUPTCY CASE.

9.  "GOOGLE" shall mean and include Google, Inc. and its parents, subsidiaries and affiliates, including but not limited to Google Ventures 2013, L.P., Google Ventures 2015, L.P., Google Ventures 2013 GP, LLC, Google Ventures 2015 GP, LLC and their members, employees, agents, attorneys, investigators, experts, professionals, officers, managers, representatives, consultants, and anyone else acting on their behalf.

10. "GOOGLE VENTURES PROOF OF CLAIM" shall mean that certain proof of claim filed in the BANKRUPTCY CASE on or about October 5, 2015 by Google Ventures 2013, L.P. and Google Ventures 2015, L.P. in the amount of $18,073,911.41, which was assigned claim number 24 in the claims register.

11. "HOMEJOY" shall mean and include Homejoy, Inc., a Delaware corporation, and includes each of its parents, subsidiaries, predecessors, members, employees, agents, attorneys, investigators, experts, professionals, officers, directors, managers, representatives, consultants and anyone else acting on their behalf.

12. "HOMEJOY ABC" shall mean the DEBTOR, and includes each of its parents, subsidiaries, predecessors, members, employees, agents, attorneys, investigators, experts, professionals, officers, directors, managers, representatives, consultants and anyone else acting on their behalf.

3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

13. "IDENTIFY" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

14. "PERSON" is defined as any natural person or any business, legal, or governmental entity or association.

15. "PERTINENT PERIOD" means January 1, 2012 to the present.

16. "The term "RELATING TO" shall mean describing, discussing, evidencing, referring to, concerning constituting, regarding, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, summarizing, involving, embodying, containing, suggesting, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

17. "RELEASE AGREEMENT" shall mean that certain Release Agreement between Homejoy and Google that reflected that Google would pay $7 million to Homejoy as consideration for, *inter alia*, specific Homejoy employees being released from their employment with Homejoy and agreeing to be employed by Google.

18. "SHERWOOD" means Sherwood Partners, Inc., and includes its affiliates (such as Sherwood Management, LLC), parents, subsidiaries, predecessors, members, employees, agents, attorneys, investigators, experts, professionals, officers, directors, managers, representatives, consultants and anyone else acting on their behalf.

19. "YOU" or "YOUR" shall mean and include GOOGLE and any of YOUR agents, employees, officers, directors, members, accountants, representatives, agents, or anyone else acting on YOUR behalf.

### FED. R. BANK. P. 7030(b)(6) EXAMINATION TOPICS

1. The EMPLOYEE PURCHASE and RELEASE AGREEMENT, including but not limited to all negotiation, valuation and proprietary issues RELATED TO same.

2. Valuation of HOMEJOY's assets, including but not limited to its employees, software, intellectual property and databases.

4

3.      The GOOGLE VENTURES PROOF OF CLAIM and all GOOGLE investments in and loans made to HOMEJOY.

4.      Analysis of any commercial tort claims held by HOMEJOY or the DEBTOR.

5.      All agreements, whether written or oral, between GOOGLE, on the one hand, and HOMEJOY and/or the DEBTOR, and/or SHERWOOD, on the other hand.

## DOCUMENTS TO BE PRODUCED

### Instructions

A.      YOU are required to conduct a thorough investigation and produce all DOCUMENTS in your possession, custody, and control including all DOCUMENTS in the possession, custody and control of your attorneys, investigators, experts, officers, directors, employees, agents, representatives, consultants, and anyone acting on your behalf.

B.      The use of the singular form of any word includes the plural, and vice versa.

C.      The connectives "and," and "or," shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

D.      If YOU are unable to comply with a particular category(ies) of the requests below and DOCUMENTS responsive to the category are in existence, IDENTIFY the following information:

1.      The date of the DOCUMENT;

2.      The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

3.      The general subject matter of the DOCUMENT;

4.      The name, address, telephone number and title of the author(s) of the DOCUMENT;

5.      The name, address, telephone number and title of each recipient and/or addressee of the DOCUMENT;

6.      The number of pages in the DOCUMENT;

7.      The document control number, if any;

8.      The present location(s) of the DOCUMENT and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

5

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1          9.      A specific description of the subject matter of the DOCUMENT;

2          10.     The reason why the DOCUMENT cannot be produced or why you are unable

3  to comply with the particular category of request.

4         E.      YOU are required to produce the full and complete originals, or copies if the originals

5  are unavailable, of each DOCUMENT responsive to the categories below along with all non-

6  identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions.

7  Copies may be produced in lieu of originals if the entirety (front and back where appropriate) of the

8  DOCUMENT is reproduced and the Responding Party or its authorized agent or representative states

9  by declaration or affidavit under penalty of perjury that the copies provided are true, correct,

10  complete, and an accurate duplication of the original(s).

11         F.      YOU are required to produce the DOCUMENTS as they are kept in the usual course

12  of business, or to organize and label them to correspond with each category in these requests.

13         G.      YOU are required to produce ELECTRONICALLY STORED INFORMATION in

14  searchable form on DVDs, CD-ROMs, via FTP, or any other medium that is acceptable to counsel to

15  the Trustee.  If necessary, all ELECTRONICALLY STORED INFORMATION shall be translated

16  before production into reasonably usable form.  Unless otherwise specified, documents, reports, and

17  other ELECTRONICALLY STORED INFORMATION created using any version of Microsoft

18  Word, Powerpoint, Excel, Visio, or Access, Word Perfect, Oracle, or any other Microsoft, Adobe, or

19  other currently available "off-the-shelf" application shall be produced in native form; that is, the

20  form in which the document is currently stored on whatever media it currently resides.  The

21  document should not be locked, resaved, restructured, "scrubbed" of unapparent or hidden content or

22  any other data or metadata, but rather should be produced in a copy precisely reproducing its entire

23  state as present in YOUR systems.  Electronic mail (e-mail) should be produced in native form; that

24  is, in whatever database and/or file/directory structures are used by YOUR mail processing software.

25  All metadata and other unapparent or hidden data related to mail messages shall be produced,

26  including, but not limited to, any file attachments, message priority flags, message read/access

27  timestamps, and, in the case of e-mail sent to distribution lists, information on the membership of

28  such lists at the time the e-mail was sent.

DOCS_LA:302848.2 36858/002

H.     If YOU withhold or redact a portion of any DOCUMENT under a claim of privilege or other protection, each such DOCUMENT must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged DOCUMENTS responsive to this Request for Production, and which privilege log shall IDENTIFY the following information:

1.     The date of the DOCUMENT;

2.     The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

3.     The general subject matter of the DOCUMENT;

4.     The name, address, telephone number and title of the author(s) of the DOCUMENT;

5.     The name, address, telephone number and title of each recipient and/or addressee of the DOCUMENT;

6.     The number of pages in the DOCUMENT;

7.     The document control number, if any;

8.     The present location(s) of the DOCUMENT and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

9.     A general description of the subject matter of the DOCUMENT or the portion redacted without disclosing the asserted privileged or protected communication;

10.     The specific privilege(s) or protection(s) that you contend applies;

11.     Requests RELATING TO any PERSON shall include such PERSON'S employees, agents, attorneys, investigators, experts, professionals, officers, directors, representatives, and anyone acting on such PERSON'S behalf.

I.     Unless specified otherwise, the relevant time period for each of the Requests shall be January 1, 2012 to the date upon which YOU produce documents responsive to these requests.

**Documents To Be Produced**

**REQUEST NO. 1:**

A copy of a fully executed version of the RELEASE AGREEMENT, including all exhibits thereto and agreements and DOCUMENTS referenced therein.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

7

**REQUEST NO. 2:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO the negotiations and discussions pertaining to the RELEASE AGREEMENT or EMPLOYEE PURCHASE.

**REQUEST NO. 3:**

All COMMUNICATIONS between GOOGLE, on the one hand, and HOMEJOY and/or HOMEJOY ABC, on the other hand, RELATING TO the EMPLOYEE PURCHASE or RELEASE AGREEMENT.

**REQUEST NO. 4:**

All DOCUMENTS RELATING TO Mercury, Inc., a Delaware corporation, that is referenced as a party in the RELEASE AGREEMENT, including incorporation and governing documents, as well as DOCUMENTS RELATING TO any dealings among Mercury, GOOGLE and/or HOMEJOY.

**REQUEST NO. 5:**

All DOCUMENTS RELATING TO the roles and responsibilities performed for HOMEJOY by the employees who are listed as "Transitioning Employees" in the RELEASE AGREEMENT.

**REQUEST NO. 6:**

All DOCUMENTS RELATING TO the roles and responsibilities performed for GOOGLE by the employees who are listed as "Transitioning Employees" in the RELEASE AGREEMENT.

**REQUEST NO. 7:**

All DOCUMENTS or any other materials RELATING TO HOMEJOY that the employees who are listed as "Transitioning Employees" in the RELEASE AGREEMENT possessed at the time they commenced their employment with GOOGLE.

**REQUEST NO. 8:**

All DOCUMENTS, including business plans, competitive market analyses, roadmaps or other materials, RELATING TO or referencing HOMEJOY or any HOMEJOY services.

8

**REQUEST NO. 9:**

All DOCUMENTS, including business plans, competitive market analyses, roadmaps or other materials, RELATING TO or referencing GOOGLE'S home cleaning services.

**REQUEST NO. 10:**

All DOCUMENTS, including COMMUNICATIONS, research, consumer surveys, internal or external presentations, business plans or roadmaps RELATING to home cleaning services.

**REQUEST NO. 11:**

All DOCUMENTS consisting of or RELATING TO the "Prior Agreements" referenced in the RELEASE AGREEMENT, including COMMUNCIATIONS RELATED TO same.

**REQUEST NO. 12:**

All DOCUMENTS consisting of or RELATING TO the "Proprietary Information and Invention Agreements" referenced in the RELEASE AGREEMENT, including COMMUNCIATIONS RELATED TO same.

**REQUEST NO. 13:**

Any charts, listings and/or rosters containing an identification of the employees of HOMEJOY, including related titles, responsibilities, and hourly and/or monthly salaries.

**REQUEST NO. 14:**

All DOCUMENTS, including COMMUNICATIONS, RELATED TO the EMPLOYEE PURCHASE, including, but not limited to appraisals, valuations, marketing efforts, offers, counteroffers and agreements, whether written or oral.

**REQUEST NO. 15:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO any and all payments and other forms of consideration paid by GOOGLE to HOMEJOY or HOMEJOY's former employees during the PERTINENT PERIOD.

**REQUEST NO. 16:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO any valuations or appraisals of the fair market value of any assets of HOMEJOY, including its employees, software, intellectual property or databases, created after January 1, 2012.

9

DOCS_LA:302848.2 36858/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**REQUEST NO. 17:**

All DOCUMENTS RELATING TO any valuations, analyses or appraisals of the liquidation value of any assets of HOMEJOY, including its employees, software, intellectual property or databases, created after January 1, 2012.

**REQUEST NO. 18:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO any valuations (including discounted cash flow and analyses, comparable company or comparable transaction analyses or other enterprise valuations) or appraisals of HOMEJOY created during the PERTINENT PERIOD.

**REQUEST NO. 19:**

All DOCUMENTS, including COMMUNICATIONS, Confidential Information Memoranda or similar solicitation RELATING TO the sale of the businesses or assets of HOMEJOY, including management presentations, fairness opinions or other materials created on or after January 1, 2012.

**REQUEST NO. 20:**

All DOCUMENTS, including COMMUNICATIONS, RELATED TO the sources and uses by HOMEJOY of the approximately $38 million raised by HOMEJOY from GOOGLE and other investors as of December 2013 to the present.

**REQUEST NO. 21:**

All DOCUMENTS, including COMMUNICATIONS, RELATED TO the GOOGLE VENTURES PROOF OF CLAIM, including the Note Purchase Agreement dated April 30, 2015, referenced in HOMEJOY's convertible notes.

**REQUEST NO. 22:**

ALL DOCUMENTS RELATING TO the funding of the convertible notes attached to the GOOGLE VENTURES PROOF OF CLAIM, including but not limited to cancelled checks and/or wire transfer confirmations, and ALL DOCUMENTS RELATING TO any payments made by or on behalf of HOMEJOY to or for the benefit of GOOGLE in relation to any of the convertible notes.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**REQUEST NO. 23:**

All DOCUMENTS RELATED TO the calculation of the amount(s) asserted in the GOOGLE VENTURES PROOF OF CLAIM, including COMMUNCATIONS RELATED TO same.

**REQUEST NO. 24:**

All COMMUNICATIONS between GOOGLE, on the one hand, and HOMEJOY and/or HOMEJOY ABC and/or SHERWOOD, on the other hand, RELATING TO the ASSIGNMENT.

**REQUEST NO. 25:**

All agreements, whether written or oral, between GOOGLE, on the one hand, and HOMEJOY, HOMEJOY ABC and/or SHERWWOD, on the other hand, and all COMMUNICATIONS RELATING TO same.

**\*\* END OF ORDER \*\***

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

11

# Court Service List

**1. ECF Participants**

**2. TO BE SERVED BY UNITED STATES MAIL:**

Google Inc.
Shaudy Danaye-Armstrong
1600 AMPHITHEATRE PKWY
MOUNTAIN VIEW CA 94043

Google Ventures
Attn: Jennifer L. Kercher
1600 Amphitheatre Parkway
Mountain View, CA 94043

Google Inc.
Attn: Jade K. Wagner
1600 Amphitheatre Parkway
Mountain View, CA 94043

Google Inc.
Attn: Maria Shim, Corporate Development
1600 Amphitheatre Parkway
Mountain View, CA 94043

Google Inc. Agent for Service of Process:
Corporation Service Company
dba CSC - Lawyers Incorporating Service
2710 Gateway Oaks Dr,, Ste 150N
Sacramento CA 95833